(Reap. Dec. 8639)

THE DANWILL COMPANY v. UNITED STATES

Entry No. 700786, etc.

(Decided September 7, 1956)

*John D. Rode* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "A," attached to and made part of this decision, present the question of the proper value for dutiable purposes of certain binder mechanisms imported from France.

The parties hereto have entered into a stipulation of fact whereby it has been agreed that, on or about the dates of exportation of the

said merchandise, such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the countries of exportation in the usual wholesale quantities and in the ordinary course of trade for home consumption or for export to the United States, and that such or similar imported merchandise was not, at the aforesaid time, freely offered for sale in the United States for domestic consumption therein. It was further stipulated and agreed that cost of production is represented by the invoice unit prices, less charges for transport, freight, and insurance, as invoiced, packed.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the binder mechanisms in controversy, and that said value is represented by the invoice unit prices, less charges for transport, freight, and insurance, as invoiced, packed.

Judgment will issue accordingly.